**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emad Jasem,<br><br>  Plaintiff,<br><br>vs.<br><br>State Farm Fire and Casualty Company,<br>an Illinois corporation,<br><br>  Defendant. | No. CV-06-595-PHX-DGC<br><br>**ORDER** |

This action arose out of an insurance coverage dispute between Plaintiff Emad Jasem and Defendant State Farm Fire and Casualty Company. Defendant has filed a motion to confirm an appraisal award and to dismiss Plaintiff's breach of contract claim regarding the amount of his building loss. Dkt. #27. Plaintiff has filed a response to the motion and Defendant has filed a reply. Dkt. ##32-33. As explained below, the Court will grant the motion.[1]

**I.    Background.**

Plaintiff owns an apartment building located in Phoenix, Arizona. Dkt. #1, Ex. A ¶¶ 4-5. The building was insured under a homeowners insurance policy issued by Defendant. *Id.* ¶ 8. The policy coverage limits are $140,000 for damage to the building and $105,000 for damage to personal property. *Id.* ¶ 9. The policy contains a provision that permits either party to demand that the amount of loss be set by appraisal if the parties cannot agree on the

---

[1] The request for oral argument is denied. The parties have thoroughly discussed the law and evidence. Oral argument will not aid the Court's decisional process.

amount of loss. Dkt. #14, Ex. A. The appraisal provision states, in pertinent part:

> If you and we fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. . . . The appraisers shall set the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss.

*Id.* § 1, ¶ 4.

A fire occurred at the apartment building on January 18, 2004. Plaintiff subsequently filed a claim for payment under the policy. Defendant paid Plaintiff $87,721.84 for loss to the building.

Plaintiff commenced this action by filing a complaint against Defendant in state court on January 11, 2006. The complaint asserts breach of contract claims for Defendant's alleged failure to pay Plaintiff for the loss to his personal property and for paying Plaintiff only $87,721.84 for the loss to the building (counts one and two). The complaint also includes bad faith tort claims (counts three and four) and a request for punitive damages. Defendant removed the case to this Court. Dkt. #1, Ex. A.

On March 7, 2006, Defendant sent Plaintiff a letter invoking the appraisal provision of the insurance policy. Dkt. #28, Ex. A. Defendant demanded that the amount of Plaintiff's building loss be set by appraisal. *Id.* Defendant notified Plaintiff that it had selected Paul Watkins to serve as its appraiser. *Id.* Defendant requested Plaintiff to designate his appraiser so that an umpire could be selected and the appraisal could proceed. *Id.*

The parties filed a joint motion to stay the action on April 7, 2006. Dkt. #8. The parties sought to stay the action until the amount of Plaintiff's building loss was set by appraisal pursuant to the terms of the insurance policy. *Id.* The parties asserted that the Court had authority to stay the action under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. *Id.* The Court denied the stay request, but extended the dates set forth in the Court's order setting a case management conference to allow time for the parties to complete the appraisal process. Dkt. #9.

Defendant filed a motion to compel appraisal on May 12, 2006. Dkt. #13. Defendant asserted that Plaintiff had failed to designate an appraiser. *Id.* Defendant requested that the Court compel an appraisal pursuant to the FAA. *Id.*

A case management conference was held on July 26, 2006. Dkt. #23. Counsel for Plaintiff stated at the conference that she did not oppose the motion to compel appraisal. The Court accordingly granted the motion. Dkt. #21 ¶ 2. The Court ordered Plaintiff to designate an appraiser by August 10, 2006, and ordered the parties to complete the appraisal process by October 25, 2006. *Id.*

The Court held a conference call with the parties on August 21, 2006. Dkt. #24. The parties informed the Court that Plaintiff had not designated an appraiser. *Id.* The Court gave Plaintiff five days to designate an appraiser and warned him that the case may be dismissed for lack of prosecution if he failed to do so. *Id.*

Plaintiff subsequently appointed Arthur Gaudette to serve as his appraiser. On October 6, 2006, Messrs. Gaudette and Watkins selected Alan Goldman to act as umpire during the appraisal process. Dkt. #28, Ex. D. Following a conference call with the parties on October 25, 2006, the Court issued an order extending the deadline for completing the appraisal process to December 6, 2006. Dkt. #25 ¶ 1.

On December 4, 2006, Messrs. Goldman and Watkins signed an appraisal award setting the amount of Plaintiff's building loss at $97,950.54. Dkt. #28, Ex. F. Defendant subsequently sent plaintiff a check in the amount of $10,228.70, which constituted the difference between the appraisal award of $97,950.54 and the $87,721.84 Defendant previously had paid Plaintiff for his building loss. *Id.* Ex. H.

**II.     Analysis.**

Defendant argues that the Court should confirm the appraisal award pursuant to section 9 of the FAA because there are no grounds upon which the Court may disturb the award. Dkt. #27 at 11-12 (citing 9 U.S.C. § 9). "Section 9 of the FAA "states that a district court '*must* grant [a confirmation] order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 [of the FAA]." *G.C. & K.B. Invs., Inc. v. Wilson*, 326

1 F.3d 1096, 1105 (9th Cir. 2003) (quoting 9 U.S.C. § 9; emphasis in original).  Section 10
2 provides that a court may vacate an arbitration award (1) where the award was procured by
3 corruption, fraud, or undue means, (2) where there was evident impartiality or corruption in
4 the arbitrators, (3) where the arbitrators were guilty of misbehavior by which the rights of a
5 party had been prejudiced, or (4) where the arbitrators exceeded their powers.  9 U.S.C. §
6 10(a)(1)-(4); *see Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1132 n.4 (9th Cir.
7 2003).  Section 11 allows an arbitration award to be modified or corrected where there has
8 been a "mistake within the four corners of the award itself[.]"  *Wilson*, 326 F.3d at 1106
9 (citing 9 U.S.C. § 11(a)-(c)).

10 Plaintiff makes several arguments as to why the Court should not confirm the
11 appraisal award in this case.  None has merit.

12 Plaintiff argues that his breach of contract claims have "preempted" the appraisal
13 process set forth in the insurance policy because he filed this action "over his concern with
14 the fairness of the policy provisions."  Dkt. #32 at 3.  Plaintiff cites no legal authority in
15 support of this argument.  Moreover, Plaintiff's breach of contract claims do not challenge
16 the fairness of any policy provision.  Rather, the claims assert that Defendant has refused to
17 pay Plaintiff the full amount of his losses covered under the policy.  Dkt. #1, Ex. A. ¶¶ 14-15;
18 *see* Dkt. #8 at 1.  The policy explicitly provides that disputed loss amounts are to be "set by
19 appraisal."   Dkt. #14, Ex. A §  1, ¶ 4.   Plaintiff previously has acknowledged the
20 enforceability of this provision.  *See* Dkt. #8 at 1-2; Dkt. #23, 7/26/06 Hr'g Tr.  Plaintiff's
21 breach of contract claims have not preempted the policy's appraisal provision.

22 Plaintiff contends that the Court lacks authority to confirm the appraisal award
23 because such an award may not be confirmed without the consent of the parties, and Plaintiff
24 did not knowingly submit to the appraisal process as a "binding" process that would result
25 in a "final" award.  Dkt. #32 at 3.  Several years after the passage of the FAA, the Supreme
26 Court held that where a court has authority under the statute to stay an action and compel
27 arbitration, "the court also has authority to confirm the [arbitration] award[.]"  *Marine*
28 *Transit Corp. v. Dreyfus*, 284 U.S. 263, 275-76 (1932).  The Supreme Court confirmed this

1  holding in *Cortez Byrd Chips, Inc. v. Bill Harbert Construction. Co.*, 529 U.S. 193 (2000),
2  stating that a "court with the power to stay the action under [the FAA] has the further power
3  to confirm any ensuing arbitration award." *Id.* at 202 (citing *Marine Transit*).[2]

4  Plaintiff affirmatively asserted in the joint motion to stay that the Court was
5  authorized to stay the action under the FAA. Dkt. #8 at 2. Plaintiff did not oppose
6  Defendant's motion to compel appraisal, which asserted that the Court had authority
7  to compel an appraisal under the FAA. "To suggest now that the Court cannot confirm the
8  award under [the FAA] mirrors the reasoning considered and rejected in *Cortez Byrd Chips*."
9  *B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, No. 01-2410-JAR, 2004 WL 946894, at *5 (D.
10 Kan. Apr. 28, 2004).

11 Plaintiff further contends that Defendant and the Court have misconstrued the terms
12 "appraisal" and "arbitration." Dkt. #32 at 3. Plaintiff asserts that there has been "confusion
13 as to the [C]ourt's order for Plaintiff to retain an appraiser and whether that independent
14 appraiser was to participate in the appraisal arbitration process as outlined by the policy."
15 *Id.* at 4. Plaintiff states that on clarification, the Court "did not order that the policy provision
16 had to be followed." *Id.*

17 The Court agrees with Defendant that these assertions cannot be reconciled with the
18 Court's order of October 25, 2006. Dkt. #25. That order explicitly stated that "[t]he
19 appraisers designated by the parties and the umpires selected by the parties shall complete
20 the appraisal process *set forth in Section 1, Paragraph 4 of the insurance policy*[.]" *Id.* ¶ 1
21 (emphasis added).

22 Finally, Plaintiff argues that the appraisal process was fundamentally unfair. Dkt. #3

---

[2]*See also Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 685-86 (8th Cir. 2002) ("The district court initially had diversity jurisdiction over this action. After it entered a stay pending arbitration under 9 U.S.C. § 3, the court had the further power to confirm any ensuing arbitration award.") (citing *Cortez Byrd Chips*); *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir. 1985) ("[A] court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate, including a motion to confirm the arbitration award.").

at 4. Plaintiff asserts that there was no rational basis for the award amount and that his appraiser, Mr. Gaudette, did not participate in the appraisal process. *Id.* at 4-5. As explained in Defendant's reply brief, Defendant and the appraisal umpire, Mr. Goldman, repeatedly invited and encouraged the participation of Plaintiff and Mr. Gaudette in the appraisal process. Dkt. #33 at 4-5. Plaintiff, for whatever reason, simply chose not to participate fully. This is consistent with Plaintiff's lack of action throughout this litigation. *See* Dkt. ##11, 18, 21 ¶ 1, 24.

Plaintiff has not shown that the appraisers or the umpire violated the FAA. *See* 9 U.S.C. §§ 10-11. Nor has Plaintiff established any of the "judicially-developed grounds for vacating an award; that the award was irrational or involved a manifest disregard of the law." *Coutee*, 336 F.3d at 1132. The Court accordingly will grant Defendant's motion to confirm the December 4, 2006 appraisal award of $97,950.54. Dkt. #28, Ex. F. Because Defendant already has satisfied this award, *see id.* Ex. H, the Court will dismiss Plaintiff's breach of contract claim alleging that Defendant has failed to pay Plaintiff for the covered loss to his apartment building (count two). *See* Dkt. #1, Ex. A ¶ 15.

Confirmation of the appraisal award does not resolve Plaintiff's breach of contract claim regarding loss to personal property (count one) or his bad faith tort claims (counts three and four). The deadlines set forth in the Court's July 27, 2006 case management order remain in effect with respect to these claims. *See* Dkt. #21.

**IT IS ORDERED:**

1. Defendant State Farm Fire and Casualty Company's motion to confirm appraisal award (Dkt. #27) is **granted**.

2. The December 4, 2006 appraisal award of $97,950.54 (Dkt. #28, Ex. F) is **confirmed**.

3. Count two of the complaint is **dismissed**.

DATED this 17th day of April, 2007.

*/s/ Daniel G. Campbell*
_____
David G. Campbell
United States District Judge

- 7 -