**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emad Jasem, | No. CV-06-595-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| State Farm Fire and Casualty Company, an Illinois corporation, | |
| Defendant. | |

On August 10, 2007, the Court held a status conference at the request of Plaintiff's counsel. The status conference was scheduled in response to the Motion for Status Conference Regarding Offer of Judgment and Motion to Withdraw. Dkt. #38. The motion explained that Plaintiff had agreed to accept an offer of judgment, had reneged on the agreement, had acted aggressively toward Plaintiff's counsel, and then had agreed again to accept the offer. Plaintiff's counsel sought permission to withdraw from representing Plaintiff. Dkt. #38.

The order setting the status conference was entered on August 1, 2007. Dkt. #39. The order specifically stated that Plaintiff's attendance was mandatory. *Id*. Plaintiff and Plaintiff's counsel did not appear. The Court called the office of Plaintiff's counsel, but received no response. The hearing was set for 4:00 p.m. *Id*. The Court waited until 4:32 p.m., but Plaintiff and Plaintiff's counsel did not appear. Counsel for Defendant contacted his office to see if Plaintiff or Plaintiff's counsel had left any messages, and they had not.

This is one more in a long line of incidents where Plaintiff has refused to comply with Court orders. Early in this litigation Plaintiff refused to communicate with his counsel. As a result, his counsel filed several motions to withdraw. Dkt. ##11, 16, 18. In response to these motions, the Court held a hearing on July 26, 2006, and required Plaintiff to appear. Dkt. #23. Plaintiff agreed at the hearing to remain in contact with his counsel and to cooperate in the prosecution of this case. As a result, Plaintiff's counsel withdrew her motion to withdraw and the Court entered a scheduling order. Dkt. #21.

Plaintiff almost immediately disregarded the Court's scheduling order. The order specifically required Plaintiff to designate an appraiser within 15 days. Dkt. #21, ¶ 2. Plaintiff did not do so. The Court held a conference call with the parties, extended the deadline for Plaintiff to comply by five days, and noted that the Court would entertain a motion to dismiss the case for lack of prosecution if Plaintiff's intransigence continued. Dkt. # 24.

Further conference calls were necessary to secure Plaintiff's full compliance with the Court's requirements and the completion of his deposition. *See* Dkt. #25, 30. Although Plaintiff did ultimately designate an appraiser, both Plaintiff and the appraiser subsequently refused to participate in the appraisal process compelled by the Court. Dkt. #34 at 6. The Court nonetheless entered an order enforcing the appraisal award and dismissing some of Plaintiff's claims. Dkt. #36.

On June 21, 2007, Defendant filed a motion for summary judgement. Dkt. #37. Under the Court's local rules, Plaintiff's response was due on July 23, 2007. LRCiv 546.1(d). Despite this deadline, Plaintiff has not responded to the motion.

On July 31, 2007, Plaintiff's counsel filed the motion for a status conference. The motion explained that Plaintiff conferred with counsel telephonically and in person regarding a $9,500 offer of judgment made by Defendant. On July 2, 2007, Plaintiff told his counsel that he would accept the offer. Plaintiff's counsel communicated this fact to Defendant in writing. Approximately one week later, Plaintiff angrily entered counsel's office, stated that he had not authorized counsel to accept the offer of judgment, and threatened Plaintiff's

counsel. Several days later, Plaintiff telephoned his counsel and stated again that he would accept the offer of judgment. Dkt. #38 at 1-2. As a result of this and other conduct that counsel regarded as threatening, Plaintiff's counsel again sought to withdraw. Dkt. # 38.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) appears to require a motion. Moreover, in appropriate circumstances the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first, second, and third factors favor dismissal of this case. Plaintiff's failure to cooperate with counsel and comply with the Court's orders have delayed this case, frustrated the Court's efforts to manage its docket, and prejudice Defendant in what should have been a straightforward appraisal of fire losses. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has devoted significant efforts to securing Plaintiff's compliance with its orders. These have included in-person hearings, repeated discovery calls, an extension of the appraisal schedule, and orders threatening sanctions. Despite these efforts, Plaintiff repeatedly has failed to comply with the Court's schedule and orders and to participate in this litigation in good faith. The Court concludes that Plaintiff has received ample opportunity and encouragement to prosecute this case, and ample warning of the consequences if he failed to do so. Given this history, the Court concludes that the only viable remaining option is dismissal.

1 **IT IS ORDERED** that Plaintiff's complaint is dismissed with prejudice pursuant to
2 Rule 41(b) of the Federal Rules of Civil Procedure.
3 DATED this 10th day of August, 2007.

_____
David G. Campbell
United States District Judge