**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emad Jasem,<br><br>    Plaintiff,<br><br>vs.<br><br>State Farm Fire and Casualty Company,<br>an Illinois corporation,<br><br>    Defendant. | No. CV-06-595-PHX-DGC<br><br><br>**ORDER** |

Plaintiff Emad Jasem has sued Defendant State Farm Fire and Casualty Company ("State Farm") for breach of contract, bad faith, and punitive damages. Plaintiff's claim arises out of a 2004 fire at Plaintiff's property and State Farm's subsequent handling of the claim for fire insurance coverage. State Farm has filed a motion for summary judgment. Dkt. #37. Plaintiff has responded and State Farm has replied. Dkt. ##46, 47. For the reasons set forth below, the Court will grant State Farm's motion.[1]

**I.    Plaintiff's Failure to Comply With Local Rule 56.1.**

State Farm's motion for summary judgment includes a separate statement of facts as required by Local Rule of Civil Procedure 56.1(a). Dkt. #37-3. Plaintiff's response does not include a separate statement of facts as required by Local Rule 56.1(b). Plaintiff's response does include a declaration responding to some facts set forth by State Farm, but the

---

[1] The request for oral argument is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

declaration is not signed by Plaintiff. Dkt. #37-2. Plaintiff has thus failed to controvert any of the facts asserted by State Farm in support of the motion for summary judgment. As Local Rule 56.1(b) provides, "facts set forth in the moving party's separate statement of facts shall, unless otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted[.]" LRCiv 56.1(b). The Court accordingly would be justified in treating the facts asserted by State Farm as admitted for purposes of this motion. As the discussion below will demonstrate, however, summary judgment is warranted even if the few controverting facts contained in Plaintiff's unsigned declaration are considered.

**II.     Facts.**

The following facts, unless specifically noted, are not disputed by the parties. On January 18, 2004, there was a fire at Plaintiff's four-unit rental property. At least three of the rental units were occupied at the time. The property was covered under a one-year State Farm fire insurance policy with limits of $140,000 for damage to the building and $105,000 for damage to personal property.

Plaintiff has difficulty speaking and reading English. After the fire, Plaintiff was assisted by Ahmed Shamsa, a tenant to whom Plaintiff had granted power of attorney. Mr. Shamsa and Allwest Adjusters, Inc. assisted Plaintiff in seeking recovery under the State Farm policy. Within 30 days of the fire, State Farm paid Plaintiff $84,813 for loss to his building. When Allwest Adjusters submitted a claim for loss of rental value for the three occupied units, State Farm paid Plaintiff $11,056. Shortly thereafter Plaintiff contacted State Farm and stated that the fourth unit, although not occupied, had been rented at the time of the fire. State Farm responded by paying Plaintiff another $3,710.

In October of 2004, more than nine months after the fire, State Farm received notice that Plaintiff was claiming loss of his own personal property in the fire. Plaintiff stated that he was residing in one of the units and lost personal property in the fire. When State Farm investigated the claim, Plaintiff stated that he had disposed of all the personal property five or six months after the fire. Dkt. ## 37-3, 47.

State Farm's policy required Plaintiff to comply with various conditions. These include the requirements to "give immediate notice to [State Farm] or [its] agent"; "protect the property from further damage or loss"; prepare an inventory of damaged or stolen personal property; "exhibit the damaged property" as often as State Farm requires; and "submit to [State Farm], within sixty days after loss [a] signed, sworn proof of loss." The policy further provides that "no action shall be brought unless there has been compliance with the policy provisions." Dkt. #14-2.

Plaintiff originally asserted five claims in this case: a breach of contract claim relating to personal property losses, a breach of contract claim relating to loss of the building, a bad faith claim relating to the personal property loss, a bad faith claim relating to the building loss, and a claim for punitive damages. Dkt. #1. The Court dismissed the contract claim relating to the building loss after Plaintiff received an award from a court-ordered appraisal of an additional $10,228.70. Dkt. #34. State Farm moves for summary judgment on all remaining counts.

**III. Summary Judgment Standard.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may be entered against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. General allegations and denials are insufficient to withstand summary judgment. *See* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

**IV.   Analysis.**

    **A.   Bad Faith Claims.**

To establish bad faith on the part of the insurer, "'a plaintiff must show [a] the absence of a reasonable basis for denying benefits of the policy and [b] the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.'" *Deese v. State Farm Mut. Auto. Ins. Co.*, 838 P.2d 1265, 1267-68 (Ariz. 1992) (quoting *Noble v. Nat'l Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981)). The first inquiry involves an objective analysis that focuses on whether the insurer acted unreasonably. The second involves a subjective analysis as to "whether the insurer *knew* that its conduct was unreasonable or acted with such reckless disregard that such knowledge could be imputed to it." *Id.* at 507 (emphasis in original). If the plaintiff offers no significantly probative evidence that calls into question the defendant's belief in the fairness of its actions, the court may rule on the issue as matter of law. *See Knoell v. Metro. Life Ins. Co.*, 163 F. Supp. 2d 1072, 1077 (D. Ariz. 2001) ("[B]ecause there are no questions of fact to present to a jury about whether the insurance company really believed it should investigate the claim . . . this Court concludes that the Defendant did not act in bad faith[.]").

    **1.   Personal Property.**

State Farm contends that Plaintiff has offered no evidence of unreasonable conduct by State Farm with respect to Plaintiff's personal property claim. State Farm asserts that it reasonably withheld payment because Plaintiff failed to comply with the policy provisions requiring notice of the claim and preservation of the allegedly damaged property. State Farm also notes that Plaintiff's claim that he was residing in the building and lost personal property in the fire is inconsistent with his previous claim that three units were occupied by other renters and the fourth unit was unoccupied but rented.

Plaintiff's response offers no direct answer to State Farm's arguments, but merely states that Plaintiff attempted to contact State Farm's adjuster and that Plaintiff's inability to speak effective English created a language barrier. Even if the Court considers Plaintiff's statements to be true, they do not create an issue of material fact for the bad faith claim

1  regarding personal property.  The undisputed facts show that State Farm had a reasonable
2  basis for denying the claim – Plaintiff's non-compliance with several policy provisions
3  concerning the personal property claim – and Plaintiff has presented no other evidence of bad
4  faith.  The Court will grant State Farm's motion on the bad faith claim relating to personal
5  property.

### 2. Building Loss.

7  State Farm has presented evidence that it promptly determined and paid Plaintiff
8  $84,813 for building damages.  State Farm thereafter sought to invoke the appraisal
9  provisions of the insurance policy to resolve remaining disagreements about the amount of
10 the loss, but Plaintiff refused to participate in an appraisal, even after being ordered to do so
11 by the Court. Dkt. #34.  Plaintiff's response to State Farm's motion for summary judgment
12 says nothing about this bad faith claim, and Plaintiff offers no evidence of State Farm's bad
13 faith.  The Court will grant State Farm's motion on the bad faith claim regarding the building
14 loss.

### B. Punitive Damages.

16 Because the Court will grant State Farm's motion on the bad faith claims, and the only
17 remaining claims concern breach of contract, Plaintiff has no claim justifying punitive
18 damages.  *See Miscione v. Bishop*, 636 P.2d 149, 152–153 (Ariz. Ct. App. 1981) ("Punitive
19 damages are not usually awarded in contract actions, unless there is an accompanying tort").
20 Moreover, Plaintiff has presented no evidence to suggest that State Farm acted with the
21 mental state necessary for an award of punitive damages under Arizona law. *See Rawlings*
22 *v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986).  The Court will grant State Farm's motion
23 regarding punitive damages.

### C. Breach of Contract Regarding Personal Property.

25 State Farm claims that Plaintiff did not contact State Farm about the personal property
26 claim until October 25, 2004, approximately nine months after the fire.  As the declaration
27 of State Farm's adjuster and Plaintiff's deposition confirm, this was the first time the two
28 parties had conferred about the alleged loss. Dkt. ## 37-3; 37-3, Ex. B.  State Farm asserts

1 that Plaintiff breached his policy obligation to give immediate notice to State Farm of his loss
2 and to submit a signed and sworn proof of loss within 60 days of the fire.

3 Plaintiff's response does not controvert these facts, but makes only general allegations
4 and denials. Plaintiff's unsigned declaration contends that he did not "delay" in
5 communicating with State Farm and that he called State Farm "on numerous occasions."
6 Dkt. #46-2. But Plaintiff provides no factual or evidentiary support for these general
7 allegations and no detail concerning his alleged contacts with State Farm. Plaintiff's
8 contentions are also inconsistent with his own deposition. Dkt. 37-3, Ex. B. Moreover,
9 Plaintiff concedes that he disposed of nearly all of his personal property within five or six
10 months after the fire, contrary to the policy's requirement that he protect the property from
11 further damage and allow State Farm to examine it at a reasonable time.

12 Plaintiff contends that his difficulty in speaking English interfered with his ability to
13 process his claim, but Plaintiff fails to explain how this difficulty led to his failure to comply
14 with the plain terms of his policy. The language barrier appears even less relevant given that
15 Plaintiff had Ahmed Shamsa (the English-speaking tenant with Plaintiff's power of attorney)
16 and Allwest Adjusters to help with the insurance claim. The important points are (1) that
17 Plaintiff did not meet his clear policy obligations, and (2) the express terms of the policy –
18 terms Plaintiff does not dispute or claim he misunderstood – bar this action. Courts have
19 held that failure to comply with such clear policy terms bars a claim for breach of contract.
20 *See, e.g.*, *Allstate Ins. v. Occidental Int'l, Inc.*, 140 F.3d 1, 5 (1st Cir. 1998) (applying Puerto
21 Rican law); *Chimera Inv. Co. v. State Farm Fire & Cas. Co.*, 2006 WL 2819539, at *5–6 (D.
22 Utah 2006); *Colonial Gas Energy System v. Unigard Mut. Ins. Co.*, 441 F. Supp. 765,
23 770–71 (N.D. Cal. 1977); *Prince George's County v. Local Gov't Ins. Trust*, 879 A.2d 81,
24 91–101 (Md. 2005); *Johnston v. Sweany*, 68 S.W.3d 398, 401–02 (Mo. 2002)*; Herman v.*
25 *Safeco Ins. Co. Of Am.*, 17 P.3d 631, 634–35 (Wash. Ct. App. 2001). The Court will grant
26 State Farm's Motion with respect to the breach of contract claim.

27 **IT IS ORDERED:**

28 1. Defendant's Motion for Summary Judgment (Dkt. #37) is **granted**.

- 6 -

1    2.    The Clerk is directed to **terminate** this action.

2    DATED this 5th day of November, 2007.

*David G. Campbell*
David G. Campbell
United States District Judge